## BREUER v. FRANK.*

### CHARGE TO JURY ON SECOND TRIAL.

*Gentlemen of the Jury:*

This case is about to be submitted to you for your determination.

We will go back to the pleadings which state the case and which define the exact issues to be determined.

The petition filed in the case by Mr. Frank, charges that the defendant owned and operated the Franklin Building, at the southwest corner of Third and Plum streets, on the 12th of September, 1901; that he, the plaintiff, was

---

* Affirmed by Supreme Court, 74 O. St. ——.

then employed by the American Suspender Company, who had their office and factory on an upper floor of said building, and that the mode of access thereto was by a hydraulic elevator operated by defendant's servants; that on said date plaintiff was seeking access to said factory; that the defendant wrongfully permitted the door of said elevator shaft to remain open; that no person was guarding such opening to warn him of danger; that the elevator had of its own motion ascended to an upper floor and was not at the landing or entrance, by reason of its being out of repair; and that plaintiff walked into said opening, and, through the negligence of the defendant, and without negligence on his part, was precipitated to the cellar, causing him to suffer injury and pain, and that he is entitled by reason of such injury to the sum of $25,000. He says that the elevator had been a long time out of repair, to such an extent that when brought to a standstill it would ascend of its own motion, and that the attention of the owner, the defendant, had been repeatedly called to the fact; and that the defendant on this certain day had knowledge of its defective condition, yet that the defendant negligently, and in violation of his duties to the plaintiff, permitted the elevator to remain in this defective condition, and by consequence thereof, and by its ascending, the injury resulted.

He then describes his injuries. I need not take time for that here. He also describes the loss which accrued to him, and claims damages in the sum of $25,000.

In an amendment to this petition he further says not only was the elevator out of repair, but that, through the negligence and carelessness of the defendant's servants and employes in charge of the elevator it was allowed to creep up from its landing, as described.

Now the defendant files an answer in which he admits the ownership of the building and the tenancy of the American Suspender Company, and he admits proof of the employment of the plaintiff, Mr. Frank. He denies that the usual and proper way of access to the factory of the American Suspender Company on the third floor was by the elevator, but claims it was by the stairway, and sets forth a

clause in the lease that the passenger elevator should not be used by the employes.

He denies that he permitted the door of the elevator shaft to remain open. He denies that no person was in attendance to warn the plaintiff of danger, and says that the plaintiff came rushing into the building, passed the defendant's servant, pushed the door open and carelessly and negligently stepped into the opening. He denies that the elevator was out of repair, or that he had been warned of any defect prior to the time of the accident, and denies all the other statements of the petition.

The plaintiff files a reply in which he says he was not a party to the lease referred to in answer, nor had he any knowledge of the existence of said lease or the contents thereof. He denies that he came rushing into the building and pushed open the door of the elevator; on the contrary, he avers that he came walking into the building, and that as he approached the door leading to the elevator, the operator, who was sitting on a chair close by, arose and followed him to the door to take him to the third floor; that the door was wide open, the elevator was not at the landing. but through the fault and carelessness of the defendant, his servants and employes, the elevator had been allowed to creep up to one of the upper floors; that the hallway was dark and ill-lighted, so that when plaintiff approached the doorway he did not see the elevator was not at the landing, although he was looking straight ahead, and without any negligence on his part, he was precipitated. This constitutes the declarations of the parties to the case.

In order to establish his right to a verdict in his favor, the plaintiff must satisfy you by a preponderance of the testimony that the accident producing these injuries was the result of negligence on the part of the defendant, in respect of the duty which the defendant owed to him.

Now this word "negligence," which you have heard so commonly used in this case, means in law, as follows: Negligence is failure to render that care required by law to be exercised in certain relations between parties where a duty is involved. For example: those who carry passengers for

hire—railroad companies, omnibus companies, steamboat companies, for instance,—are required to use care in the operation of their vehicles of travel to safely transport their passengers.

A manufacturer is charged with the duty of providing reasonably safe and suitable machinery and appliances to be used by those who work for him.

So the owner of a tenement building, or hotel, or office building, who maintains and operates elevators for the use of tenants and their customers, or guests, and their friends, or for the public who may have business with these people, likewise owes a duty to those who may properly use the elevators to provide reasonably safe appliances and maintain and operate them in a reasonably safe manner through the agents and servants he employs for that purpose.    In all such cases, and many others, that no doubt will occur to you, where agencies of any kind may be employed, that might be dangerous to those who may properly make use of them, the obligation of care is imposed upon those who do maintain and operate them, to the end that injury may be avoided; and a failure to exercise the care the law imposes, is what is called in law, "negligence," wherever such failure to use such care, results in injury to others to whom the duty or care is owing.

The care which the law requires to be exercised is that degree of care which persons of ordinary prudence are accustomed to use under the same or similar circumstances, having due regard to the rights of others, and to the objects to be accomplished; it is such care—in brief—as prudent persons are accustomed to exercise under the peculiar circumstances of the case, as it is presented.    The circumstances under which care is required to be exercised, therefore, are to be regarded by you in determining whether ordinary care has been exercised by either, or both the parties, where an injury has occurred.

I may say right here, that the fact that a person injured may have a defect as of hearing or of sight, does not change the general rule.    It simply imposes upon the person so afflicted, the duty of exercising such degree of care

as is ordinarily used by prudent persons having such an infirmity.

Now, the plaintiff in this case charges the defendant with negligence, or want of due care, in maintaining the elevator in his building, and the burden of proof is upon the plaintiff to show you his contention is well taken, because the law presumes that persons upon whom the duty of care is thrown, do exercise that care. But negligence can not be shown directly, like the happening of an event that can be seen, and therefore testified to, by witnesses who actually saw the event. It is always an inference from facts proved.

The plaintiff must, therefore, present to you such facts connected with the accident as will justify you in believing his injury was due to the negligence of the defendant.

But the duty of care is not one-sided. Those who use the agencies which may produce injury, owe a corresponding duty of care to properly use them, so as to avoid being injured. In this case the defendant, Breuer, claims that plaintiff failed to exercise the care for his own safety that it was his duty to exercise, and says he came rushing into the elevator, ignoring the operator, pushed open the door, and carelessly and negligently stepped into the shaft. The same presumption of law operates in favor of the plaintiff as in favor of the defendant, upon the charge of negligence against him, and it puts the burden of proof upon the defendant to prove his allegations, unless the plaintiff's own testimony indicated negligence on his own part.

So that, if upon the full evidence of the case, it appears that the injury was caused directly by the want of ordinary care by both parties, there can be no recovery, for the law can not apportion between them.

The same result follows, if upon the whole evidence it appears there was no negligence on the part of defendant, but the injury was caused exclusively by the negligence of the plaintiff. If, upon the whole evidence, you find, under the circumstances of the case, the plaintiff exercised the care of an ordinarily prudent person, situated as he was at that time, and this injury was due wholly to the negli-

gence of the defendant, or his agents or employes, then your verdict will be for the plaintiff.

Now these are the matters to be determined by you in this case, and the facts are to be considered and ascertained by you, under your oath to render a true verdict upon the law and the evidence.

This means, that in considering the evidence, you ·are to apply the rules of law which the statute makes it my duty to state to you for your information and guidance. That I will endeavor to do briefly.

In determining questions of fact, you are the exclusive judges. Wherever there is a disputed fact in the case, necessary to be ascertained, that is for you to do. In doing that you are to be governed by a preponderance of the evidence, that is, the greater weight of the evidence one way or the other—that is, when a fact is in dispute—and it does not mean mere quantity, but means the quality of the evidence—the convincing power of the testimony— *that* should govern you in reaching a conclusion.

The word "preponderance" is used in reference to the balance or ordinary beam scale in which the weight one side or the other preponderates. In determining these disputed questions of fact, you should consider all the witnesses' statements, the bearing of the witnesses, their manner of giving testimony and the interest of the persons who testify; and you should compare and weigh the testimony in the light of all the facts and circumstances, impartially, fearlessly and with the sole desire to ascertain the truth.

There are certain facts in this case not disputed.

The building in question was occupied by tenants for manufacturing purposes, and it was a large building with a number of stories. The tenants had employes and others who went in and out of the building from time to time, as was natural, and as they had a right to do. In no sense whatever were the employes or the customers, or those having business with these tenants, trespassers in the building. They had a perfect right in the building. There was a main entrance to the entire building, and in said entrance or hallway were stairs, and a passenger elevator

which was operated by the owner, the defendant, Charles C. Breuer, by power, which he supplied, and it was under the care and supervision of an operator employed by him for the purpose. There was in the entrance in the hallway a sign reading "Take the elevator," and at or near the elevator another sign, "Ring the bell"—or words to that effect —indicating the mode of summoning the operator if he should not be on hand, if one wished to take the elevator.

These facts, which are not disputed, constituted an invitation to use the elevator to all who might enter said building for any legitimate purpose of business connected with the tenants who occupied the building, except those to whom a distinct notice was given to the contrary, and not withdrawn subsequently by direct notice or by a waiver of the prohibition by the permissive use of the elevator.

As a matter of law I charge you that an agreement or stipulation in the lease between Breuer and the tenants, prohibiting the use of the elevator to employes, in which the lessee covenanted that the passenger elevator should not be used by their employes, would not bind the employes, nor would it relieve Mr. Breuer from his obligation of care toward them in respect of a permissive use of the elevator, unless knowledge of the prohibition was brought home to them individually, and not then if the circumstances,—such as the absence of any sign to this effect and the continued use of the elevator with the knowledge of Mr. Breuer or his employes without objection,—justify the belief he had waived the prohibition.

In this case the answer does not claim that this prohibition was communicated to the employes.

Now, as to all those who were permitted to use the elevator, Mr. Breuer was under an obligation to use ordinary care to provide reasonably safe elevator appliances and approaches thereto, and to maintain them in a reasonably safe condition. He was also under the same obligation to provide competent and careful operators. He was not an insurer of the safety of the apparatus or of the persons who might use it, but he was required by law to exercise ordinary care, such as an ordinarily careful and prudent per-

son is accustomed to exercise under the circumstances; that is, he must exercise it through those whom he employs for these purposes; their care was his care and their neglect his neglect. So, on the other hand, those to whom he thus permitted the use of the elevator were bound to exercise ordinary care, to properly use these appliances and avoid danger therefrom.

Now, one rightfully using an elevator has a right to presume the presence of a number of conditions.

You understand, that the word "presume" means—"has a right to take for granted," practically—to assume certain things existed—has a right to presume the presence of a number of conditions. He may rightfully assume the elevator is a suitable and fit instrument to transport him from one part of the building to another, and he might assume with equal propriety the elevator was in good repair, and able to do that for which it was intended.

The proprietor of a building is not required by law to have the most modern elevator, the best equipped elevator, with all modern appliances connected. He discharges his full duty to the one using the elevator if he keeps the same in good repair, and has it ready to accomplish the purposes for which it was intended, that of a hoist or lift.

In law the proprietor of a building is charged with the duty of employing a suitable person to operate an elevator; not the most skillful person, but one who understands an elevator and knows how to operate it, in such a manner as to safely carry those who enter the same, and one who carefully guards the approaches of the elevator to avoid danger to those who take it.

What is ordinary care in such a case on the part of one about to use an elevator? An elevator in a building for the carriage of persons is not supposed to be a place of danger, to approach with great caution. One who has a right to ride in an elevator is not required, if there is nothing in the surrounding circumstances to put him in anticipation of danger, to make full, complete and attentive observations when he is about to enter an elevator in the ordinary way. If he finds the door to the cab open, he is at

liberty to assume its presence—the presence of the cab at that place—and to rely to some extent upon its being there. If the door leading to the cab were wholly closed, or were partly closed, to such an extent he could not pass through, he would not be free from negligence if he voluntarily opened it. The jury should therefore take careful consideration of all the surrounding circumstances, the objects, the persons, the time, place, conditions, just as they presented themselves to the plaintiff at the time—as he found them—and determine upon these facts by a preponderance of the evidence, whether his act was that of a person of ordinary prudence.

Now, mere negligènce will not justify a recovery; the negligent act must have produced the injury, must have been the proximate cause of the injury, and by "proximate cause" is meant that cause which directly produced the injury. The term "proximate" does not necessarily mean the cause nearest in point of time or distance, but does mean that cause without the existence of which the injury could not have occurred. Injury alone would not justify a verdict for the plaintiff. There must exist both injury and wrong, and it is for the plaintiff to establish by a preponderance of the testimony the fact that the proximate cause of the accident was the negligence of the defendant.

If the plaintiff was rightfully entitled to the use of the elevator, then the defendant owed to the plaintiff the duty of having the elevator so constructed and operated as that one could use it with safety, and if you should find from the testimony, that the elvator was in good condition at the time of the accident—in good repair, not out of repair; that the conduct of the operator was, in all respects, what it should have been; that there was no negligence anywhere on the part of the defendant or his employes; that the accident was caused entirely by the want of due care on the part of the plaintiff, then, of course, the plaintiff can not recover. But if you should find on the other hand this elevator was out of order and by reason of that fact it crept up to the upper floor, thereby leaving this pit into which a man might stumble, and that the door leading thereto was

open; that the operator, whose duty it was to guard that opening, was right there; that the man passed him, then it is for you to say whether all these conditions were not such as to excuse any negligence there might have been on his part; and if you find such to be the fact and the injury was caused by the negligence of the defendant, plaintiff is entitled to recover. If you should find from the testimony the plaintiff is entitled to recover then comes the question of his damages. You have a right to take into consideration all the reasonable expenses made necessary by this injury, and to consider what sum would compensate—make good, make the man whole, so far as money can make him whole—for the injury he suffered. You would have a right to consider and find from the testimony what amount was paid to the physician or surgeon, what amount was paid to the nurse who cared for him while being restored to health, the cost of medicine and other incidental expenses. You are to determine whether the injury was of a permanent or temporary nature, and what effect this may have upon the capacity of the plaintiff in earning a livelihood. You have a right to take into consideration the business in which he was engaged, the nature and demands of it, in measuring the extent to which he was injured, and ascertain how much his earning capacity has been reduced, whether the same is likely to be permanently reduced. You may take into consideration his age, the pain and suffering he has endured, and that which he is still likely to suffer, if any, as a result of his injury. Also take into consideration what would be a just and fair compensation to him for the pain and suffering he endured while in the process of restoration. Taking all these things together and considering the matter carefully, you are to determine what, in your best judgment, is a fair, reasonable and just compensation to him, all things considered.

Gentlemen of the jury, it is our desire on all sides to avoid all possible misunderstanding or error which may give the upper courts any reason to set aside this trial. Certain points have been called to my attention by counsel

in which possibly I might not have expressed myself with such clearness that the jury got clear ideas.

Among the undisputed facts I have assumed and stated to you that, among others, there was a sign in the hall as one entered this building which read, "Take the elevator." That was my understanding from the testimony, but it is suggested there is testimony—if so, it escaped me—that it simply read *"to* the elevator," instead of *"take."* It is possible I might have misunderstood the witness, but you will be the judge of that.

Now, on another point concerning the duty of the owner of a building or any one else who undertakes to operate these agencies which may be dangerous. I stated it was the duty of the owner or the one who undertook to operate these things, through servants or agents, to provide people who are competent and skillful, and so forth. Perhaps a more accurate statement of the law would be that it is the duty of such person to use ordinary care to provide. This duty of ordinary care is one that runs through everything, and it is to be applied in all such cases. Men are held to reasonable care and duty to perform their duties.

It is suggested, as there is no testimony respecting the cost of medicines or drugs used, that perhaps that might be eliminated. If so, you can disregard that as an element of damage.

Gentlemen, you will find two blank forms of verdict, one for plaintiff and one for defendant. Whichever way you find, the foreman will sign the verdict, to which you should all agree.

If you find for the plaintiff then consider the question of damages, and simply state the total amount you find represents the damage.